UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FINANCIAL SERVICES VEHICLE TRUST,
by and through its servicer, BMW FINANCIAL
SERVICES NA, LLC,

|  |  |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| -against- | 24-cv-2086-JS-ST |

JEFFREY JEAN-BAPTISTE,

Defendants.
----------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

On March 21, 2024, Financial Services Vehicle Trust ("Plaintiff"), by and through its servicer, BMW Financial Services NA, LLC ("BMW FS"), sued Jeffrey Jean-Baptiste ("Defendant") for violations of the Federal Odometer Act, breach of contract, fraud, and trespass to chattels. Before this Court is Plaintiff's motion for default judgment against Defendant (the "Motion"). As the Motion fails to meet various requirements, this Court respectfully recommends that the District Court DENY the Motion without prejudice.

## BACKGROUND

This case concerns Defendant's lease of a vehicle, and the alleged tampering of that vehicle's odometer. On or about October 27, 2020, Defendant entered an agreement to lease, and took possession of, a 2021 BMW M550i xDrive Sedan (the "Vehicle"). Compl. ¶¶ 8, 9, ECF No. 1. The lease agreement contained a penalty, whereby, at the lease end, Defendant could be charged $0.25 per mile for any mileage beyond 30,029 miles. *Id.* ¶ 11. The lease agreement also required Defendant to notify the lessor if the vehicle's odometer malfunctioned or became inoperative, and

to repair the odometer within 30 days. *Id.* ¶ 12. The lease agreement prohibited Defendant from making "any alterations that decrease the Vehicle's value or usefulness or that violate the law." *Id.*

On November 1, 2022, Defendant brought the Vehicle to an authorized dealer for servicing. *Id.* ¶ 15. During inspection, the dealer "discovered evidence" that the Vehicle's "mileage had been manipulated," including, among other things: "(i) a mileage blocking device, which, when activated, caused the Subject Vehicle's speedometer to register a reading of 3 miles per hour even while the Subject Vehicle was being operated at 33 miles per hour; and (ii) a fault code from the Subject Vehicle's internal computer indicating abnormalities in communication with the instrument cluster." *Id.* ¶¶ 15, 16. The Complaint alleges that the dealer "informed Defendant accordingly." *Id.* ¶ 15.

Following the lease's maturity, Defendant surrendered the Vehicle to BMW of Bayside. *Id.* ¶¶ 17, 18. Upon its surrender, the Vehicle "bore an odometer reading of approximately 38,399 miles."[1] *Id.* ¶ 19. However, because of the alleged odometer tampering, Plaintiff could not ascertain the Vehicle's true mileage and had to sell the Vehicle as "true mileage unknown" ("TMU"). *Id.* ¶ 22. According to Plaintiff, the TMU label significantly depreciated the Vehicle's value. *Id.*

Brett Morrison, a BMW FS employee, affirms that on June 26, 2024, the Vehicle ultimately sold at auction for $43,750. Morrison Decl. ¶¶ 9, 10, ECF No. 8-5. However, according to the Manheim Market Value—an indicator of vehicle wholesale prices based on historical sales data—the Vehicle's adjusted value at the time of sale was $48,100. *Id.* ¶¶ 8, 9. BMW FS also incurred

---

[1] In connection with the Vehicle's surrender, Defendant signed a "Federal Odometer Disclosure Statement," which provided that "'[f]ederal law . . . requires that the lessee disclose the mileage' and that 'making a false statement may result in fines and/or imprisonment.'" Compl. ¶ 20.

2

an additional $2,012.45 in charges in connection with the Vehicle's sale. *Id.* ¶ 10. Altogether, BMW FS sustained a loss of $6,362.45 in selling the Vehicle. *Id.* ¶ 11.

Plaintiff sued Defendant on March 21, 2024, alleging violations of the Federal Odometer Act, breach of contract, fraud, and trespass to chattels. *See generally* Compl. Defendant failed to answer the Complaint or otherwise appear in the action. Accordingly, Plaintiff requested a Certificate of Default against Defendant, which the Clerk of Court entered on June 4, 2024. *See* Entry Default, ECF No. 7. On August 6, 2024, Plaintiff moved for default judgment against Defendant. On October 9, 2024, the Honorable Joanna Seybert referred the Motion to this Court for Report and Recommendation. *See* Docket Order, dated October 9, 2024.

## LEGAL STANDARD

Obtaining a default judgment is a two-step process. *See* Fed. R. Civ. P. 55. Step one is to obtain an entry of default from the Clerk of Court. *See* Fed. R. Civ. P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* Step two is to seek default judgment. *See* Fed. R. Civ. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk must, "on the plaintiff's request, with an affidavit showing the amount due . . . enter judgment for that amount and costs against a defendant . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases," a party must move for a default judgment before the court. Fed. R. Civ. P. 55(b)(2).

When a plaintiff moves for default judgment, the court must accept the complaint's well-pleaded factual allegations as true. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint."). From

3

there, the court must determine whether the facts alleged establish the defendant's liability as a matter of law. *Mickalis Pawn Shop*, 645 F.3d at 137. After all, "liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F.Supp.2d 150, 153 (E.D.N.Y. 2010).

After determining that a defaulting party is liable, the court decides whether, and how much, to award in damages. *See Finkel*, 577 F.3d at 83 n.6 ("a default is not an admission of damages"). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). To show entitlement to damages, the movant must show that the "compensation sought relates to the damages that naturally flow from the injuries pleaded." *Morales v. B&M Gen. Renovation Inc.*, 14-cv-7290 (MKB) (MDG), 2016 WL 1266624, at *2 (E.D.N.Y Mar. 9, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016). The court can decide whether, and how much, to award in damages without an evidentiary hearing if "sufficiently detailed affidavits and documentary evidence" support the request for damages. *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, 15-cv-6505 (NGG), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016).

## **DISCUSSION**

Before granting a motion for default judgment, courts in this District must ensure that the movant "took all the required procedural steps" under Local Civil Rule 55.2 ("Rule 55.2"). *J&J Sports Prods., Inc. v. Vergara*, 19-cv-2382 (FB) (VMS), 2020 WL 1034393, at *2 (E.D.N.Y. Feb. 6, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); *see Contino v. U.S.*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force

4

of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). A movant's failure to do so warrants denial of the motion. *See Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, 23-cv-8808 (RER) (JAM), --- F. Supp. 3d ---, 2024 WL 3513456, at *8 (E.D.N.Y. July 23, 2024) ("'As harsh at it may seem,' courts in this district 'have repeatedly' denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2" (citations omitted)). Here, the Motion does not comply with Rule 55.2 in multiple ways and should therefore be denied.

### I. LOCAL CIVIL RULE 7.1

The Motion fails to comply with Rule 55.2 because it lacks a memorandum of law. Rule 55.2 requires the party seeking default judgment, if proceeding by motion, to file "the papers required by Local Civil Rule 7.1, including a memorandum of law . . . ." Local Civ. R. 55.2(a)(2). As should be obvious to a party seeking default judgment, a memorandum of law is critical for "explaining why liability is established." *Guangzhou Yongjia Garment Mfg. Co. Ltd. v. Zoomers Inc.*, 19-cv-2759 (NGG) (LB), 2020 WL 5578936, at *5 (E.D.N.Y. Aug. 28, 2020), *report and recommendation adopted*, 2020 WL 5577706 (E.D.N.Y. Sept. 17, 2020). An attorney declaration or affirmation in support of a motion for default judgment—even one containing legal argument— "does not take the place of a memorandum of law." *Diaz Saavedra v. Dom Music Box Inc.*, 21-cv-6051 (ENV) (RER), 2022 WL 20655809, at *3 (E.D.N.Y. Dec. 5, 2022) (citations and quotations omitted), *report and recommendation adopted*, (E.D.N.Y. July 7, 2023).

A plaintiff's "failure to include a memorandum of law alone is sufficient to warrant denial of the motion for default judgment." *Id.* (citations and quotations omitted); *Pompey v. 23 Morgan II, LLC*, 16-cv-2065 (ARR), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) ("The absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis

for denying Plaintiff's [default judgment] motion."); *see Zoomers*, 2020 WL 5578936, at *5–6 (denying motion for default judgment for, among other reasons, failure to comply with local rules, including absence of a memorandum of law). Such is the case here. This Court accordingly recommends denial of the Motion for its failure to include a memorandum of law. Should Plaintiff renew its Motion, Plaintiff should include a memorandum of law explaining how the Complaint establishes liability against Defendant under each cause of action alleged.

## II.    SERVICEMEMBERS CIVIL RELIEF ACT

The Motion also fails to comply with Rule 55.2 because Plaintiff has not complied with the Servicemembers Civil Relief Act (the "Act"). Rule 55.2 requires the party seeking default judgment to show in an affidavit or declaration that it "has complied with the Servicemembers Civil Relief Act." Local Civ. R. 55.2(a)(1)(B). "The Act requires a plaintiff seeking default judgment to file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." *Vergara*, 2020 WL 1034393, at *6 (quotations omitted); *see* 50 U.S.C. §3931. Conclusory statements, or information and belief, cannot serve as the basis for the affidavit. *Diaz Saavedra*, 2022 WL 20655809, at *5. Rather, the affidavit must provide specific facts, "adduced from an investigation conducted after a defendant defaults," to support the stated conclusion. *Sudilovskiy v. City WAV Corp.*, 22-cv-469 (DG) (RLM), 2022 WL 4586307, at *3 (E.D.N.Y. Sept. 29, 2022); *see Mulligan Funding LLC*, 2024 WL 3513456, at *8.

Here, Plaintiff presents insufficient facts to support its assertion that Defendant is not a servicemember. In support of its Motion, Plaintiff submits the Declaration of its counsel, Steven Andreacchi. Andreacchi Decl., ECF No. 8-1. There, Mr. Andreacchi affirms that Defendant "is not presently in the military service of the United States as appears from the facts of this litigation."

6

*Id.* ¶ 9.  That conclusory statement is insufficient to satisfy the Act.  *See Vergara*, 2020 WL 1034393, at *6 ("this Court cannot rely on counsel's affidavit because he conclusorily states that [the defendant] is not a servicemember without providing any facts to support that statement."); *Diaz Saavedra*, 2022 WL 20655809, at *6 ("Because the only declarations submitted in support of the Motion conclusorily state that [the defendant] is not a servicemember, without providing any facts to support that assertion, the Court cannot rely on them to satisfy the requirements of the Act.").  Indeed, the Andreacchi Declaration fails "to offer facts to support this . . . conclusory statement or show that any investigation into [Defendant's] military status has been conducted." *Pinela Jurado v. Sabor Hispano, Inc.*, 20-cv-1104 (RPK) (VMS), 2021 WL 11690645, at *7 (E.D.N.Y. Aug. 5, 2021).

      The only support Plaintiff's Motion contains beyond this conclusory statement is the Affirmation of Service, dated March 21, 2024.  *See* Aff. Service, ECF No. 8-3.  There, the affiant (*i.e.* the process server) checked the box indicating that they had asked "the person spoken to" whether Defendant "was in active military service of the United States or the State of New York in any capacity whatsoever" and that they received "a negative reply." *See id.*  However, to comply with the Act, a movant must investigate whether the defendant is a servicemember *after* the defendant defaults, not just upon serving the summons and complaint at the start of the lawsuit. *Sudilovskiy*, 2022 WL 4586307, at *3; *Vergara*, 2020 WL 1034393, at *6 ("The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgement is to be entered." (citations omitted)).  As such, the affirmation of service is insufficient to support the conclusion that Defendant is not a servicemember, as Defendant was not yet in default on March 21, 2024.

As the court "lacks the power to excuse compliance with the statute," this Court recommends denying the Motion also on this basis. *Sudilovskiy*, 2022 WL 4586307, at *3 (citations omitted); *see Lopez v. Metro & Graham LLC*, 22-cv-332 (CBA) (RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022), *report and recommendation adopted*, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) ("A plaintiff's failure to include a certification that the individual defendant is not a servicemember is grounds to deny a motion for default judgment." (citations and quotations omitted)). Should Plaintiff seek to renew its Motion, Plaintiff could establish compliance with the Act by "obtaining a report certifying active-duty military status through the Servicemembers Civil Relief Act website." *Mulligan Funding LLC*, 2024 WL 3513456, at *8 (citations omitted). Plaintiff's burden to do so is not heavy, as "the Department of Defense maintains a Servicemembers Civil Relief Act website for the purposes of, among other things, determining whether an individual is on active duty." *Id.* (citations omitted).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court DENY Plaintiff's Motion without prejudice.

## **OBJECTIONS TO THIS REPORT AND RECOMMEDATION**

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-cv-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                        /s/_____
                                                        Steven Tiscione
                                                        United States Magistrate Judge
                                                        Eastern District of New York

Dated: Central Islip, New York
January 28, 2025